# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | No. 13-07930 (DRC) |
| A & F ENTERPRISES, INC. II, *et al.*[1], | ) | Substantively Consolidated |
| | ) | |
| Debtors. | ) | **Hearing Date:** August 5, 2014 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Room No.:** 619 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **August 5, 2014** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling in his usual Courtroom No. 619 in the Dirksen Federal Building at 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in his place and stead, and then and there present the **Trustee's Motion for Entry of Agreed Orders Reducing and Allowing Final Compensation of Debtors' Professionals**, a copy of which is attached hereto and hereby served upon you.

Dated: July 29, 2014

Respectfully submitted,

FRANCES GECKER, as Chapter 11 Trustee of A&F Enterprises, Inc. II and its affiliated Chapter 11 Debtors

By: /s/ Micah R. Krohn
      One of her Attorneys

Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone: (312) 276-1400
*mkrohn@fgllp.com*

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: A & F Enterprises, Inc. II (6229); AbuBecker, Inc. (3801); AEA Enterprises, Inc. (5429); AEE Enterprises, Inc. (5502); East Peoria Enterprise, Inc. (4035); Elham, Inc. (8336); ElSayed, Inc. (0698); Fatma Enterprises, Inc. (5595); Halima I, Inc. (1829); Mahmoud, Inc. (2263); Sabah Restaurant, Inc. (4916); Westchester Enterprise, Inc. (8376); and Ali Alforookh (0099).

{AF/001/00039401.DOC/}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | No. 13-07930 (DRC) |
| A & F ENTERPRISES, INC. II, *et al.*[1], | ) | Substantively Consolidated |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S MOTION FOR ENTRY OF AGREED ORDERS REDUCING AND
ALLOWING FINAL COMPENSATION OF DEBTORS' PROFESSIONALS**

Frances Gecker, solely as Chapter 11 trustee (the "Trustee") for A & F Enterprises, Inc., II and its affiliated Chapter 11 debtors (collectively, the "Debtors"), by her attorneys, respectfully requests the entry of the Agreed Orders attached to this motion (the "Motion") as Exhibits A through D (the "Agreed Orders"), pursuant to 11 U.S.C. §§ 363(b), 330(a) and 503(b)(2), reducing and allowing as administrative expenses the final applications for allowance and payment of compensation and expense reimbursement filed by certain of the Debtors' professionals as set forth herein.

**JURISDICTION**

1.   The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. Consideration of the motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory basis for the relief sought in this motion is 11 U.S.C. §§ 330(a).

**BACKGROUND**

2.   On February 28, 2013 (the "Petition Date"), each of the Debtors filed voluntary

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: A & F Enterprises, Inc. II (6229); AbuBecker, Inc. (3801); AEA Enterprises, Inc. (5429); AEE Enterprises, Inc. (5502); East Peoria Enterprise, Inc. (4035); Elham, Inc. (8336); ElSayed, Inc. (0698); Fatma Enterprises, Inc. (5595); Halima I, Inc. (1829); Mahmoud, Inc. (2263); Sabah Restaurant, Inc. (4916); Westchester Enterprise, Inc. (8376); and Ali Alforookh (0099).

{AF/001/00039401.DOC/}

Chapter 11 bankruptcy petitions in this Court. Prior to the Petition Date through June 20, 2014, the Debtors owned at various times, either directly or indirectly, between 15 and 20 IHOP restaurants (collectively at any given time, the "Restaurants") pursuant to franchise and related agreements with IHOP Franchising, LLC and certain of its affiliates (collectively, "IHOP").

3. After the Petition Date, the Debtors continued to operate the Restaurants and manage their property as debtors-in-possession. On March 4, 2013, the Court entered an order authorizing the joint administration of the Debtors' cases.[2]

4. On April 28, 2014, IHOP filed its Motion For Appointment of a Chapter 11 Trustee (the "Chapter 11 Trustee Motion"), after negotiations between IHOP and the Debtors aimed at establishing a procedure for selling the Restaurants failed. On May 8, 2014, the Court granted the Chapter 11 Trustee Motion and on May 12, 2014, the Court entered an order confirming Frances Gecker's appointment as Chapter 11 trustee for each of the Debtors' estates.

5. Upon her appointment, the Trustee took control over the management of the Restaurants, and in consultation with High Ridge Partners, Inc., the Debtors' Bankruptcy Court-approved sale advisors ("High Ridge Partners"), marketed the Restaurants for sale. On June 17, 2014, this Court entered an order approving the sale of the Restaurants (the "Sale") to Siyavoush Soleimani and Farshad Ashoori for the purchase price of $3,150,000, subject to adjustments (the "Purchase Price").

6. The Sale closed on June 20, 2014. The reconciliation of adjustments to the Purchase Price has not yet been completed.

---

[2] On May 20, 2014, the Court entered an order (amended on May 22, 2014), substantively consolidating the following cases: A & F Enterprises, Inc. II (Case No. 13-7930); AEA Enterprises, Inc. (Case No. 13-7983); AEE Enterprises, Inc. (Case No. 13-7990); East Peoria Enterprise, Inc. (Case No. 13-7995); Elham, Inc. (Case No. 13-24546); ElSayed, Inc. (Case No. 13-8057); Halima I, Inc. (Case No. 13-8013); Mahmoud, Inc. (Case No. 13-8049); Sabah Restaurant, Inc. (Case No. 13-8028).

7. After taking into account the agreed upon cure amounts due to IHOP and other Sale-related expenses, including the secured claim of Inland Bank and the outstanding invoices of Van Eerden Food Service, the Trustee estimates that the Sale will net the estate approximately $1.3 million.

8. The Debtors' assets principally consist of the net Sale proceeds, funds remaining from the Trustee's operation of the Restaurant prior to the Sale, and three parcels of real estate and equipment that the Trustee intends to sell pursuant to 11 U.S.C. § 363(b).

9. If the Trustee's sales of the Debtors' remaining assets and reconciliation of adjustments to the Purchase Price meet the Trustee's projections, the Trustee estimates that approximately $2.7 million may be available for the payment of administrative expenses.

10. Absent the approval of the Trustee's settlement with the Debtors' professionals set forth herein, administrative expenses may exceed $3 million, resulting in administrative insolvency.

11. On July 16, 2014, the Trustee filed her motion to convert the Debtors' cases to Chapter 7, which motion is pending before the Court.

**The Debtors' Professionals' Fee Applications**

12. Certain of the Debtors' professionals, set forth below (the "Applicants") have filed final fee applications seeking additional compensation and expense reimbursement totaling $1,569,063.09, as follows:

**Neal Wolf & Associates, LLC ("NWA")**
  1st Interim Application            74,830.72
  2nd Interim Application           497,488.65
  3rd Interim Application            21,420.40
                                                        0

**O'Rourke & Moody ("OM")**
  1st Interim Application            24,438.25

{AF/001/00039401.DOC/}                3

|  |  |
|---|---:|
| 2nd Interim Application | 133,919.56 |
| 3rd Interim Application | 108,577.51 |
|  | 0 |
| **Grieco Kurtzke & Adelman, LLC ("GKA")** | **554,330.00** |
| **Much Shelist ("MS")** | **154,058.00** |
|  | 154,058 |

13. This Court has previously allowed compensation and expense reimbursement that NWA sought in its first and second interim fee applications totaling $796,811.56, of which $245,500.00 has been paid. The amounts set forth in the above chart do not include amounts previously paid to NWA.

14. This Court has previously allowed compensation and expense reimbursement that OM sought in its first and second interim fee applications totaling $308,507.81, of which $150,150.00 has been paid. The amounts set forth in the above chart do not include amounts previously paid to OM.

15. In light of the limited resources available to the estate to pay administrative expenses, and the amount of fees sought by the Applicants as a group relative to the amount of estate funds likely to become available for distribution, the Trustee entered into good faith, arm's length negotiations with the Applicants aimed at obtaining a consensual reduction in the amounts sought.

16. On July 25, 2014, in the exercise of her business judgment, the Trustee agreed with the Applicants, subject to this Court's approval, to allow 75% of the Applicants' outstanding fees and expenses as final compensation. The Applicants will receive total compensation of $1,176,000, payable as follows: $851,000 upon Bankruptcy Court approval, and $325,000 after the Trustee's sale of real estate in Janesville, Wisconsin.

17. The Trustee believes that if approved, this agreement will yield a savings to the

estate in the amount of $393,063, and facilitate payment in full of all allowed administrative expense claims.

## RELIEF SOUGHT

18. The Trustee respectfully requests the entry of the Agreed Orders, pursuant to 11 U.S.C. §§ 363(b), 330(a) and 503(b)(2), reducing and allowing as administrative expenses the final applications for allowance and payment of compensation and expense reimbursement filed by Applicants in the amounts set forth therein.

## BASIS FOR RELIEF SOUGHT

19. Pursuant to 11 U.S.C. § 330(a), "the court may award to … a professional person employed under section 327 … reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses."  Compensation and reimbursement of expenses allowed under 11 U.S.C. § 330(a) are entitled to treatment as administrative expenses pursuant to 11 U.S.C. § 503(b).

20. Sound business reasons support the entry of the Agreed Orders pursuant to 11 U.S.C. § 363.  *See, e.g., In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991).  Specifically, the Agreed Orders represent a reduction in administrative expenses of nearly $400,000, an amount equal to approximately 25% of the total remaining amount sought by the Applicants.

21. In the absence of the agreed upon reduction, this estate could well be administratively insolvent.  On the other hand, the Trustee believes that the entry of the Agreed Orders will allow all remaining administrative claims to be paid in full.

22. The Trustee has provided seven-days' written notice of this motion on: (a) the U.S. Trustee; (b) the Debtors; (c) the Internal Revenue Service; (d) all applicable state and local taxing authorities; (e) all parties who have filed appearances or requested notices through the

Court's CM/ECF system; and (f) all parties who have filed claims in the Debtors' bankruptcy cases, or were listed in the Debtors' bankruptcy schedules with undisputed claims, in amounts greater than $10,000, which notice the Trustee submits is sufficient under the circumstances.

**WHEREFORE**, Frances Gecker, solely as Chapter 11 trustee for A & F Enterprises, Inc., II and its affiliated Chapter 11 debtors, respectfully requests the entry of the Agreed Orders, pursuant to 11 U.S.C. §§ 363(b), 330(a) and 503(b)(2), reducing and allowing as administrative expenses the applications for allowance and payment of compensation and expense reimbursement filed by certain of the Debtors' professionals as set forth herein, approving the limited notice of the hearing on this motion, and granting such other and further relief as this Court deems just.

Dated:  July 29, 2014                  Respectfully submitted,

                                       FRANCES GECKER, as Chapter 11 Trustee of A&F
                                       Enterprises, Inc. II and its affiliated Chapter 11 Debtors

                                       By: /s/ Micah R. Krohn
                                              One of her Attorneys

Frances Gecker (IL Bar No. 6198450)
Micah R. Krohn (IL Bar No. 6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone: (312) 276-1400
*mkrohn@fgllp.com*

## CERTIFICATE OF SERVICE

I, Micah R. Krohn, an attorney, hereby certify that on **July 29, 2014**, a true and correct copy of the **Trustee's Motion For Entry of Agreed Orders Reducing and Allowing Final Compensation of Debtors' Professionals** was filed electronically. Notice of the filing, together with a true and correct copy of the motion, will be automatically served upon all parties who are named on the attached Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, on **July 29, 2014**, a true and correct copy of the foregoing Notice of Motion and **Trustee's Motion for Entry of Agreed Orders Reducing and Allowing Final Compensation of Debtors' Professionals** was served via email or first class U.S. mail, postage prepaid, on the attached Service List.

                                                          */s/ Micah R. Krohn*

# Mailing Information for Case 13-07930

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- John A Benson     jbenson@muchshelist.com, dwolski@muchshelist.com;sholstrom@muchshelist.com
- Paul Catanese     pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- Toni Dillon     tdillon@atty-pierce.com, northerndistrict@atty-pierce.com
- Faith Dolgin     faith.dolgin@illinois.gov
- William J Factor     wfactor@wfactorlaw.com, wfactorlaw@gmail.com;gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;wfactor@ecf.inforuptcy.com
- Frances Gecker     fgecker@fgllp.com, fgecker@ecf.epiqsystems.com;zzielinski@fgllp.com;csmith@fgllp.com
- Frances Gecker     fgecker@fgllp.com
- Kathryn Gleason     USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov
- William S Hackney     whackney@salawus.com, jadams@salawus.com
- Eileen R Hurley     hurley.eileen@dol.gov, sol-chi@dol.gov;Tyree.Vivian.K@dol.gov
- Micah R Krohn     mkrohn@fgllp.com, ccarpenter@fgllp.com
- Patrick S Layng     USTPRegion11.ES.ECF@usdoj.gov
- Richard J Mason     rmason@mcguirewoods.com, docket@mcguirewoods.com;cgunderson@mcguirewoods.com;jbrehm@mcguirewoods.com
- Jeffrey M Monberg     jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- Michael C. Moody     mmoody@orourkeandmoody.com, firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- Andrew J Nelson     anelson@atty-pierce.com, northerndistrict@atty-pierce.com
- Jeffrey K. Paulsen     jpaulsen@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;jpaulsen@ecf.inforuptcy.com
- Robert E Richards     robert.richards@dentons.com, NDIL_ECF@dentons.com
- Robert Romashko     robert.m.romashko@irscounsel.treas.gov
- Carole J. Ryczek     carole.ryczek@usdoj.gov
- Paul Schwarzenbart     pschwarz@leekilkelly.com, rwitherspoon@leekilkelly.com
- Robert H Skilton     rskilton@wnj.com, kfrantz@wnj.com
- Neal L Wolf     nwolf@muchshelist.com, dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jbenson@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Neal L Wolf     nwolf@nealwolflaw.com, dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jbenson@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Stefanie Wowchuk McDonald     stefanie.mcdonald@dentons.com, NDIL_ECF@dentons.com
- Stefanie Wowchuk McDonald     stefanie.wowchuk@dentons.com, NDIL_ECF@dentons.com
- Zane L Zielinski     zzielinski@fgllp.com, csmith@fgllp.com;dortiz@fgllp.com;ccarpenter@fgllp.com

## SERVICE LIST
### VIA ELECTRONIC MAIL

Dan Ashoori — dashoori@aol.com

Sam Soleimani — ihop005@sbcglobal.net

James Newbold, Assistant Attorney General
Illinois Department of Revenue — James.Newbold@illinois.gov

## SERVICE LIST
### VIA FIRST-CLASS MAIL, POSTAGE PREPAID

| | |
|---|---|
| First Farmers State Bank<br>4001 GE Road<br>Bloomington, IL  61704 | Kameli Law Group LLP<br>111 East Wacker Drive<br>Suite 555<br>Chicago, IL  60601 |
| Bouraxis Properties<br>14831 West Hickory Hills Drive<br>New Berlin, WI  53151 | Paul Bouraxis<br>Bouraxis Investments<br>4635 South 108th Street<br>Greenfield, WI  53228 |
| Kisswani Property<br>7222 West 90th Place<br>Bridgeview, IL  60453 | Mid America Bank<br>2317 Milton Avenue<br>Janesville, WI  53545 |
| Mach Properties<br>Attn:  Sam K. Mach, President<br>206 West Camp Street<br>East Peoria, IL  61611 | McLane Foodservice, Inc.<br>2085 Midway Road<br>Carrollton, TX  75006 |
| JPMorgan Chase Bank, NA<br>Collateral Management Small Business<br>Louisville, KY  40232 | Chase<br>Card Services<br>P.O. Box 15298<br>Wilmington, DE  19850 |
| Commonwealth Edison<br>Attn:  Claims Department<br>3 Lincoln Center<br>Oakbrook Terrace, IL  60181 | Nicor<br>Attn:  Bankruptcy & Collections<br>P.O. Box 549<br>Aurora, IL  60507 |
| Wasserstrom<br>477 South Front Street<br>Columbus, OH  43215 | Cambridge Bank<br>1100 South Rand Road<br>Lake Zurich, IL  60047 |

| | |
|---|---|
| Monder Manna<br>10833 South Lockwood<br>Oak Lawn, IL  60453 | Property Tax:  IHOP<br>Sharon Kosyan<br>1045 South Woodsmill Road, Suite One<br>Town & Country, MO  63017 |
| US Bank<br>P.O. Box 790410<br>Saint Louis, MO  63179-0401 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 |
| Associate Area Counsel, SB/SE<br>200 West Adams Street<br>Suite 2300<br>Chicago, IL  60606 | **Via Certified Mail**<br>United States Attorney<br>219 South Dearborn Street<br>Chicago, IL  60604 |
| D. Patrick Mullarkey<br>Tax Division (Department of Justice)<br>P.O. Box 55<br>Ban Franklin Station<br>Washington, D.C.  20044 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, IL  60664-0338 |
| Wisconsin Department of Revenue<br>Special Procedures Unit<br>c/o Hiram Cutting, Bankruptcy Specialist<br>P.O. Box 8901<br>Madison, WI  53708-8901 | |