IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13 B 07930 |
| | ) | |
| A & F ENTERPRISES, INC. II, *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:  January 26, 2015** |
| | ) | **Hearing Time:  9:30 a.m.** |
| | ) | **Room No.:      619** |

COVER SHEET FOR SECOND AND FINAL CHAPTER 7
APPLICATION OF ALAN D. LASKO & ASSOCIATES, P.C.
<u>FOR ALLOWANCE OF COMPENSATION AND EXPENSES</u>

Name of Applicant:                     Alan D. Lasko & Associates, P.C.

Authorized to Provide                  Frances Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:              A & F ENTERPRISES, INC. II, et al.,

Period for Which                       May 1, 2015 (prior billing time was to May 18, 2015)
Compensation is Sought:                through December 16, 2015

Amount of Fees Sought:                 $      98,406.60

Amount of Expense                      $         786.17
Reimbursement Sought:

This is a:                             Second and Final Fee Application


The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered
and expenses incurred herein is:  $    127,539.42         .

{AF/001/00044960.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13 B 07930 |
| | ) | |
| A & F ENTERPRISES, INC. II, *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date:   January 26, 2016** |
| | ) | **Hearing Time:   9:30 a.m.** |
| | ) | **Room No.:        619** |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE THAT** on **January 26, 2015, at 9:30 a.m.**, we shall appear before the Honorable Donald R. Cassling, in the courtroom usually occupied by him, at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **SECOND AND FINAL CHAPTER 7 APPLICATION OF ALAN D. LASKO & ASSOCIATES, P.C. FOR ALLOWANCE OF COMPENSATION AND EXPENSES**, a copy of which is attached.

Dated:  December 23, 2015

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
A & F ENTERPRISES, INC. II, *et al.*,

By:____/s/_____Micah R. Krohn_____

Micah R. Krohn (ARDC 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.:  (312) 276-1400
Fax:  (312) 276-0035
mkrohn@fgllp.com

{AF/001/00044960.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| A & F Enterprises, Inc. II, et al., | ) | No. 13 B 07930 |
| | ) | (Jointly Administered) |
| | ) | |
| 36-2804796 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Donald R. Cassling |

## SECOND AND FINAL CHAPTER 7 APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE OF COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C. ("ADLPC"),** Certified Public Accountants, request second and final Chapter 7 compensation of $98,406.60 and expenses of $786.17 for the time period from May 1, 2015 (prior billing time was to May 18, 2015) through December 16, 2015.  Time is also included for an entity called Abdallah, Inc. which was not included in the prior fee requests.  A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant.  Additional detail is provided to reflect the function and individual performing said services.  Lastly, each individual's classification and hourly rate is also reflected.  In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Second and Final Chapter 7 Fee Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## A & F ENTERPRISES, INC. II, ET AL.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## **GENERAL**

On February 28, 2013 (the "Petition Date"), each of the Debtors filed voluntary Chapter 7 bankruptcy petitions in this Court. On March 4, 2013, the Court entered an order authorizing the joint administration of the Debtors' cases.

The Debtor owned, either directly or indirectly, certain IHOP restaurants (collectively, the "Restaurants") pursuant to franchise agreements, and other leases and agreements (collectively, the "Agreements") with IHOP Franchising, LLC; IHOP Franchise Company, LLC; IHOP Properties, LLC; IHOP Property Leasing, LLC; IHOP IP, LLC; and International House of Pancakes, LLC (collectively, "IHOP").

2

## A & F ENTERPRISES, INC. II, ET AL.

After the Petition Date, the Debtors continued to operate their businesses and manage their property as debtors-in-possession. On April 28, 2014, IHOP filed its Motion for Appointment of a Chapter 7 Trustee, and on May 20, 2014, the Court entered its order confirming the Applicant as the accountants for the Chapter 7 Trustee for each of the Debtors' estates.

Also, on May 20, 2014, the Court entered an order (amended on May 22, 2014), substantively consolidating the following Debtors' cases:

- A & F Enterprises, Inc. II (Case No. 13-07930)
- AEA Enterprises, Inc. (Case No. 13-07983)
- AEE Enterprises, Inc. (Case No. 13-07990)
- East Peoria Enterprise, Inc. (Case No. 13-07995)
- Elham, Inc. (Case No. 13-24546)
- ElSayed, Inc. (Case No. 13-08057)
- Halima I, Inc. (Case NO. 13-08013)
- Mahmoud, Inc. (Case No. 13-08049)
- Sabah Restaurant, Inc. (Case No. 13-08028)

On August 5, 2014, the Court entered an order to convert these cases to one under Chapter 7.

It should be noted that there are 20 entities including the individual bankruptcy estate of Ali Alforookh in this work. Of these entities, 8 are reflected as C Corporations, 11 are reflected as S Corporations and one is an individual bankruptcy estate for tax purposes. It should also be noted that several of the C Corporations per the debtor's prior returns were S Corporations per the IRS records. Time was incurred dealing with the IRS and the penalty notices and other issues.

- A & F Enterprises
- AEA Enterprises
- AEE Enterprises
- Estate of Ali Alforookh
- AbuBecker
- Abdallah, Inc.

3

## A & F ENTERPRISES, INC. II, ET AL.

- East Peoria Enterprises
- Elham, Inc.
- ElSayed, Inc.
- Fatma Enterprises
- Halima, Inc.
- Ibriham, Inc.
- Janesville Enterprises
- Mahmoud, Inc.
- Narmeen, Inc.
- Sabah Restautant
- Seham, Inc.
- Shaheen, Inc.
- Westchester Enterprises
- Yasmeen, Inc.

It should be noted that the prior fee petition was through April 30, 2015 with the billing time up to May 18, 2015. In this final fee application there is time reflected beginning May 1, 2015.

In addition, Applicant's time for the entity Abdallah, Inc. was not previously submitted with the prior fee petitions. The time period reflected for this entity is from December 3, 2014 through August 29, 2015.

Where summary schedules were prepared and other work that related to all entities and it was impractical to breakout time charges by entity, the time is reflected in A & F Enterprises. Also in A & F enterprises is work that was initially performed when it was not yet known that time was to be reflected by entity. In addition, time for the preparation of the Fee Application is reflected in A & F Enterprises.

4

## A & F ENTERPRISES, INC. II, ET AL.

## FEE APPLICATION

The fees sought by this Second and Final Chapter 7 Application reflect an aggregate of 821.4 hours of ADLPC's time spent and recorded in performing services during the Second and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which Second and Final Chapter 7 compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

5

## A & F ENTERPRISES, INC. II, ET AL.

### BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

### BILLING

The Applicant has incurred 16.5 hours in the preparation of this fee Application.

Cost                    $2,255.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 5.5 | $ 284.00 | $ 1,562.00 |
| C. Wilson, Staff | 11.0 | 63.00 | 693.00 |
|  | 16.5 |  | $ 2,255.00 |

See Exhibit D-8

### TAX PREPARATION

The Applicant incurred 776.2 hours primarily related to the preparation of the 2014 and 2015 (final) income tax returns for federal and state purposes. Work also included the preparation of draft calculations for the then upcoming asset sale of the restaurant entities and the tax effect this would have on the overall Chapter 7 estate. In addition, work was performed with the trustee and counsel regarding certain expense allocations as offsets to the gain/loss estimate calculations. Work was also performed in drafting the footnotes to be attached to the returns and the "waiver request for reasonable cause" regarding the late file penalties and interest that would result from the filing of the 2012 and 2013 income tax returns that the debtor did not complete.

In addition to the above, the work also included the following:

- Recording the Chapter 11 operating reports for each entity.
- Recording the Trustee's Chapter 7 forms as applicable.

6

## A & F ENTERPRISES, INC. II, ET AL.

- Reviewing and adjusting all intercompany accounts between the 20 entities.
- Recording applicable K-1s into the Alforookh Estate.
- Preparing final discharge and applicable entries for all final returns.

The Applicant will follow up regarding these entities.

|  |  |
|---|---|
| Cost | $91,554.40 |

A recap of compensation for this category is as reflected in Exhibit D-1.

| Hours | Amount |
|---|---|
| 776.2 | $91,554.40 |

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 75.1 | $ 284.00 | $ 21,328.40 |
| K. Seyller, Senior (post 1/1/15) | 163.6 | 142.00 | 23,231.20 |
| K. Seyller, Senior (pre 1/1/15) | 5.3 | 128.00 | 678.40 |
| K. Seyller, Senior (pre 1/1/15) | 0.4 | 122.00 | 48.80 |
| R. Berenguer, Staff | 299.3 | 89.00 | 26,637.70 |
| B. Zhu, Staff (post 5/1/15) | 155.0 | 88.00 | 13,640.00 |
| B. Zhu, Staff (pre 5/1/15) | 22.5 | 81.00 | 1,822.50 |
| M. Kadushkina, Staff | 26.7 | 76.00 | 2,029.20 |
| J. Shan, Staff | 27.4 | 76.00 | 2,082.40 |
| C. Wilson, Staff | 0.9 | 62.00 | 55.80 |
|  | 776.2 |  | $ 91,554.40 |

## PAYROLL TAX WORK

The Applicant incurred 3.7 hours primarily working on account filings and payroll tax claims of these affiliated companies.

|  |  |
|---|---|
| Cost | $473.60 |

**A & F ENTERPRISES, INC. II, ET AL.**

A recap of compensation for this category is as reflected in Exhibit D-2.

| Hours | Amount |
|-------|--------|
| 3.7   | $473.60 |

|                      | Hours | Rate | Amount |
|----------------------|-------|------|--------|
| K. Seyller, Senior   | 3.7   | $ 128.00 | $ 473.60 |

## RESPOND TO TAX AUTHORITIES

The Applicant incurred 25.0 hours performing responses to the Social Security Administration and the Internal Revenue Service for verification of 2014 annual payroll tax returns by IHOP store.

|      |           |
|------|-----------|
| Cost | $4,123.60 |

A recap of compensation for this category is as reflected in Exhibit D-2.

| Hours | Amount |
|-------|--------|
| 25.0  | $4,123.60 |

|                              | Hours | Rate | Amount |
|------------------------------|-------|------|--------|
| A. Lasko                     | 5.1   | $ 284.00 | $ 1,448.40 |
| D. Konomidis, Tax Supervisor | 0.1   | 220.00 | 22.00 |
| K. Seyller, Senior           | 17.4  | 142.00 | 2,470.80 |
| M. Kadushkina                | 2.4   | 76.00 | 182.40 |
|                              | 25.0  |      | $ 4,123.60 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in

8

## A & F ENTERPRISES, INC. II, ET AL.

interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| | | | |
|---|---|---|---|
| Owner | $283 | - | $284 |
| Manager/Director | 220 | - | 283 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

A recap of compensation for the categories are as follows:

| | First Interim Chapter 11 | First Interim Chapter 7 | Second and Final | Total |
|---|---|---|---|---|
| Billing | $ 2,226 00 | $ 2,004 00 | $ 2,255 00 | $ 6,485 00 |
| Tax Preparation | 4,576 60 | 68,616 10 | 91,554 40 | 164,747 10 |
| Payroll Tax Work | 5,370 40 | 6,592 00 | 473 60 | 12,436 00 |
| Respond to Tax Authorities | 394 80 | - | 4,123 60 | 4,518 40 |
| Cash Management | 48,064 30 | 18,770.90 | - | 66,835 20 |
| Sales Tax Work | 3,962 20 | 942 00 | - | 4,904 20 |
| Claims Work | 1,458 40 | 478 80 | - | 1,937 20 |
| Operating Reports | 17,508 20 | 28,823.10 | - | 46,331 30 |
| Net Request | $ 83,560 90 | $ 126,226 90 | $ 98,406 60 | $ 308,194 40 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 49.50 | $ 6,485.00 | $ 131.01 |
| Tax Preparation | 1,388.90 | 164,747.10 | 118.62 |
| Payroll Tax Work | 87.70 | 12,436.00 | 141.80 |
| Respond to Tax Authorities | 27.20 | 4,518.40 | 166.12 |
| Cash Management | 503.00 | 66,835.20 | 132.87 |
| Sales Tax Work | 38.50 | 4,904.20 | 127.38 |
| Claims Work | 15.80 | 1,937.20 | 122.61 |
| Operating Reports | 420.40 | 46,331.30 | 110.21 |
| Net Request | 2,531.00 | $ 308,194.40 | $ 121.77 |

9

**A & F ENTERPRISES, INC. II, ET AL.**

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.   It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items.   Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

A recap by function is as follows:

|  | First Interim Chapter 11 | First Interim Chapter 7 | Second and Final | Total |
|---|---|---|---|---|
| Tax Preparation | $      73 76 | $     1,053 02 | $     566 13 | $     1,692 91 |
| Cash Management | - | 211 20 | - | 211 20 |
| Operating Reports | - | 48 30 | - | 48.30 |
| Respond to Tax Authorities | - | - | 220 04 | 220 04 |
|  | $      73 76 | $     1,312 52 | $     786 17 | $     2,172 45 |

A recap by category for both petitions is as follows:

|  | Prior | Final | Total |
|---|---|---|---|
| Copy Costs | $      725.30 | 572.40 | $     1,297.70 |
| Postage | 419.80 | 132.35 | 552.15 |
| Delivery | 198.82 | 81.42 | 280.24 |
| Overnight | 26.36 | - | 26.36 |
| Local Travel | 16.00 | - | 16.00 |
|  | $      1,386.28 | $     786.17 | $     2,172.45 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest.   Compensation for the foregoing services as requested is commensurate with

10

A & F ENTERPRISES, INC. II, ET AL.

the complexity, importance, and nature of the problems, issues, or tasks involved.  ADLPC has

taken significant efforts to ensure that the professional services were performed with expedience

and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the

Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and

reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets

forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

11

### A & F ENTERPRISES, INC. II, ET AL.

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Second and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this Second and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the second and final compensation sought herein for the Compensation Period is warranted.

### CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested second and final Chapter 7 compensation of $98,406.60 and expenses of $786.17 should be allowed for services

12

**A & F ENTERPRISES, INC. II, ET AL.**

by your Applicant for the period May 1, 2015 (prior billing time was to May 18, 2015) through

December 16, 2015 except for the billing time for this Application.

Alan D. Lasko
Alan D. Lasko & Associates, P.C.
205 West Randolph Street
Suite 1150
Chicago, Illinois  60606
(312) 332-1302

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| A & F Enterprises, Inc. II, et al., | ) | No. 13 B 07930 |
| | ) | (Jointly Administered) |
| | ) | |
| 36-2804796 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Donald R. Cassling |

**AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016**

STATE OF ILLINOIS)
             )     SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.     I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Frances Gecker, Chapter 7 Trustee in this case ("Trustee").

2.     I have read the Second and Final Chapter 7 Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.     Lasko has previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4.     Affiant has previously received funds in a first and final Chapter 11 fee application as follows:

| Date of Service | Compensation | Expenses |
|---|---|---|
| 05/20/14-08/15/14 | $ 83,560.90 | $ 73.76 |
| 08/15/14-05/18/15* | 126,226.80 | 1,312.52 |

*Through April 30, 2015 with billing time at May 18, 2015.

14

FURTHER AFFIANT SAYETH NOT.

Alan D. Lasko

Subscribed and Sworn to before me
this _16th_ day of December, 2015.

Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/10/16

15

## CERTIFICATE OF SERVICE

I, Frances Gecker, an attorney, hereby certify that on **December 23, 2015**, a true and correct copy of the **Second and Final Chapter 7 Application of Alan D. Lasko & Associates, P.C. for Allowance Compensation and Expenses** was filed electronically. Notice of the filing, together with a true and correct copy of the motion, will be automatically served upon all parties who are named on the attached Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, on **December 23, 2015**, a true and correct copy of the foregoing Notice of Motion and **Second and Final Chapter 7 Application of Alan D. Lasko & Associates, P.C. for Allowance Compensation and Expenses** was served, **without exhibits or service lists**, via email or first class U.S. mail, postage prepaid, upon the parties listed on the attached Service List. Copies of the exhibits or service list shall be provided upon written request to Christina Smith, FrankGecker LLP, 325 N. LaSalle Street, Suite 625, Chicago, IL 60654 or by email at csmith@fgllp.com.

_/s/ Frances Gecker_

# _Mailing Information for Case 13-07930_

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- John M Brom    jbrom@querrey.com, cdicaro@querrey.com;jalonso@querrey.com
- Christopher M Brown    northerndistrict@atty-pierce.com, cbrown@atty-pierce.com
- Paul Catanese    pcatanese@mcguirewoods.com, docket@mcguirewoods.com
- Faith Dolgin    faith.dolgin@illinois.gov

- William J Factor    wfactor@wfactorlaw.com,
  wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;nbouch
  ard@wfactorlaw.com
- Douglas C. Giese    dgiese@querrey.com, dcgiese@hotmail.com
- Kathryn Gleason    USTPRegion11.es.ecf@usdoj.gov, Kathryn.M.Gleason@usdoj.gov
- William S Hackney    whackney@salawus.com, jadams@salawus.com
- Eileen R Hurley    hurley.eileen@dol.gov, sol-chi@dol.gov;Tyree.Vivian.K@dol.gov
- Micah R Krohn    mkrohn@fgllp.com, ccarpenter@fgllp.com;csmith@fgllp.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Richard J Mason    rmason@mcguirewoods.com,
  docket@mcguirewoods.com;cgunderson@mcguirewoods.com;jbrehm@mcguirewoods.c
  om
- Josephine J Miceli    Jo@johnsonblumberg.com
- Jeffrey M Monberg    jeffrey.monberg@quarles.com, jenny.fik@quarles.com
- Michael C. Moody    mmoody@orourkeandmoody.com,
  firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- Andrew J Nelson    anelson@atty-pierce.com, northerndistrict@atty-pierce.com
- Jeffrey K. Paulsen    jpaulsen@wfactorlaw.com,
  bharlow@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;jpaulsen@ecf.inforuptcy.com;
  nbouchard@wfactorlaw.com
- Robert E Richards    robert.richards@dentons.com, NDIL_ECF@dentons.com
- Robert Romashko    robert.m.romashko@irscounsel.treas.gov
- Carole J. Ryczek    carole.ryczek@usdoj.gov
- Paul W. Schwarzenbart    pschwarzenbart@staffordlaw.com,
  rwitherspoon@staffordlaw.com
- Robert H Skilton    rskilton@wnj.com, kfrantz@wnj.com
- Toni Townsend    toni.townsend@pierceservices.com, northerndistrict@atty-pierce.com
- Neal L Wolf    nwolf@muchshelist.com,
  dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jben
  son@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Neal L Wolf    nwolf@nealwolflaw.com,
  dwolski@muchshelist.com;dgramlich@muchshelist.com;jlenzke@muchshelist.com;jben
  son@muchshelist.com;fdosunmu@muchshelist.com;sholstrom@muchshelist.com
- Stefanie Wowchuk McDonald    stefanie.mcdonald@dentons.com,
  NDIL_ECF@dentons.com

## SERVICE LIST
### VIA ELECTRONIC MAIL

| | |
|---|---|
| Dan Ashoori | dashoori@aol.com |
| Sam Soleimani | ihop005@sbcglobal.net |
| James Newbold, Assistant Attorney General Illinois Department of Revenue | James.Newbold@illinois.gov |

## SERVICE LIST
### VIA FIRST-CLASS MAIL, POSTAGE PREPAID

First Farmers State Bank
4001 GE Road
Bloomington, IL 61704

Kameli Law Group LLP
111 East Wacker Drive
Suite 555
Chicago, IL 60601

Bouraxis Properties
14831 West Hickory Hills Drive
New Berlin, WI 53151

Paul Bouraxis
Bouraxis Investments
4635 South 108th Street
Greenfield, WI 53228

Kisswani Property
7222 West 90th Place
Bridgeview, IL 60455-2150

Mid America Bank
2317 Milton Avenue
Janesville, WI 53545

Mach Properties
Attn: Sam K. Mach, President
206 West Camp Street
East Peoria, IL 61611

McLane Foodservice, Inc.
2085 Midway Road
Carrollton, TX 75006

JPMorgan Chase Bank, NA
Collateral Management Small Business
Louisville, KY 40232

Chase
Card Services
P.O. Box 15298
Wilmington, DE 19850

Commonwealth Edison
Attn: Claims Department
3 Lincoln Center
Oakbrook Terrace, IL 60181

Nicor
Attn: Bankruptcy & Collections
P.O. Box 549
Aurora, IL 60507

Wasserstrom
477 South Front Street
Columbus, OH 43215

Cambridge Bank
1100 South Rand Road
Lake Zurich, IL 60047

Monder Manna
10833 South Lockwood
Oak Lawn, IL  60453-6304

US Bank
P.O. Box 790410
Saint Louis, MO  63179-0401

Internal Revenue Service
Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL  60606

D. Patrick Mullarkey
Tax Division (Department of Justice)
P.O. Box 55
Ben Franklin Station
Washington, D.C.  20044

Wisconsin Department of Revenue
Special Procedures Unit
c/o Hiram Cutting, Bankruptcy Specialist
P.O. Box 8901
Madison, WI  53708-8901

B&E Services
P.O. Box 481
Burlington, WI  53105-0481

Great Lakes Fire & Safety Equipment
P.O. Box 1732
McHenry, IL  60051-9028

Illinois American Water
P.O. Box 578
Alton, IL  62002-0578

Mark Odzga
Davi Law Group, LLC
1776-A S. Naperville Road, Suite 105
Wheaton, IL  60189-5831

Property Tax:  IHOP
Sharon Kosyan
1045 South Woodsmill Road, Suite One
Town & Country, MO  63017

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

United States Attorney
219 South Dearborn Street
Chicago, IL  60604

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL  60664-0338

A Plus General Contractor
16435 Brementown
Tinley Park, IL  60477-16459

Chase Paymentech Solutions, LLC
Attn:  Lazonia Clark, Business Analyst
14221 Dallas Parkway, Bldg. II
Dallas, TX  75254-2942

IHOP
450 North Brand Boulevard, 7th Floor
Glendale, CA  91203-4415

Jacobs Heating & Cooling
208 Waverly Lane
Schaumburg IL  60193-1130

Mark Odzoa
Davi Law Group, LLC
28371 Davis Parkway
Suite 103
Warrenville, IL  60555-3035

Samer Farroukh
11174 South Columbus Drive, #1 South
Worth, IL  60482-1754

Ali Alforookh
5229 West 108th Place
Oak Lawn, IL  60453-5087

Van Eerden Food Service Co.
P.O. Box 3110
Grand Rapids, MI  49501-3110